MICHAEL J. DEBENEDICTIS
**DEBENEDICTIS & DEBENEDICTIS LLC**
125 KINGS HIGHWAY WEST
HADDONFIELD, NJ 08033
(856) 795-2101
Telephone: (856) 795-2101
Facsimile: (856) 795-2104
Email: mjd@debenedictislaw.com

THOMAS T. BOOTH, JR.
**LAW OFFICES OF THOMAS T. BOOTH, JR., LLC**
129 W. EVESHAM ROAD
VOORHEES, NJ 08043
Telephone: (856) 354-6060
Facsimile: (856) 354-6033
Email: BoothLaw@comcast.net

*Counsel for Plaintiff &*
*Proposed Class(es)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW S. WOLF, on behalf of himself and all other similarly situated<br><br>            Plaintiff,<br><br>       vs.<br><br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br>            Defendant. | CIVIL ACTION<br><br>NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

Plaintiff, Matthew S. Wolf, residing at 65 Oak Ridge Drive, in the Borough of

Haddonfield, County of Camden, State of New Jersey, by way of Complaint against the

Defendant states:

**STATEMENT OF THE CASE**

This is a national case involving the legal characterization of "Capitalized Cost Reduction" payments ('CCR") made pursuant to a vehicle lease for the purposes of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *et seq*. (the "Act").

The Act mandates that rent paid in advance which acts to reduce the remaining periodic payments still due under the lease must be reimbursed.  Matthew S. Wolf, a U.S. Army Reservist, contends that the CCR (and certain other upfront payments specifically enumerated in the lease) is (1) rent, (2) paid in advance, that (3) reduces the anticipated monthly payments.  Mr. Wolf further contends that such Capitalized Cost Reduction payments (and other enumerated payments that he is eligible to pre-pay at the lease signing) therefore plainly constitute rent paid in advance under the Act, and as such are subject to pro-rata reimbursement under the terms of the Act.  Defendant Nissan Motor Acceptance Corporation failed to comply with terms of the Act, and, upon information and belief, continues to fail to comply with the Act.

**BACKGROUND**

At all relevant times herein, Plaintiff Matthew S. Wolf is a Captain in the U.S. Army Reserve.  Under the terms of Captain Wolf's lease, the agreed upon value of the leased vehicle, together with certain defined additional items is called the "Gross Capitalized Cost."  The lessee is responsible for the difference between the "Gross Capitalized Costs" and the "Residual Value" of the vehicle at the end of the lease, and according to the terms of Captain Wolf's lease, a lessee can pre-pay all, or none, of this portion of the Gross Capitalized Costs with the "Capitalized Cost Reduction" payment. Further, under the terms of the lease, a lessee can also prepay all, or none, of the taxes due over the life of the lease.  The balance remaining after the Capitalized Cost

2

Reduction is subtracted from the gross capitalized cost is called the "Adjusted Capitalized Cost," and can range from zero to one hundred percent of the difference of the Gross Capitalized Costs and the Residual Value of the vehicle at the end of the lease.   Simplified, the difference between the Gross Capitalized Costs and the Residual Value constitutes the rent under the lease, and is paid in a combination of up-front lease payments (the Capitalized Cost Reduction) and periodic lease payments (the monthly payments).  The greater the up-front Capitalized Cost Reduction payment made, the less the monthly payment, and vice versa.

## PARTIES

1.      Plaintiff, Matthew S. Wolf is an individual who resides at 65 Oak Ridge Drive, Haddonfield, New Jersey 08033.

2.      Defendant, Nissan Motor Acceptance Corporation (hereinafter "Nissan Infinity Leasing"), upon information and belief, is Torrance, California corporation, with a additional location in Irving, Texas.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action under and pursuant to 28 U.S.C. § 1331 because plaintiff asserts claims for violations of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *et seq.* and pursuant to 28 U.S.C. § 1367(a) for plaintiff's state law claims.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because: (1) the conduct complained about occurred in this District in general and the Camden Vicinage in particular, (2) Defendant Nissan/Infinity Leasing regularly conducts business in this District, and (3) Plaintiff Matthew Wolf resides, as well as leased, operated and housed the vehicle at issue, in both this District and the Camden Vicinage.

3

# **THE ACT**

5.      Section 535 The Act specifically provides for the termination of vehicle leases by

servicemembers:

> § 535. Termination of residential or motor vehicle leases
>
> (a) **Termination by lessee**
>
> (1) **In general**
> The lessee on a lease described in subsection (b) may, at the lessee's option, terminate the
> lease at any time after—
>
> (A) the lessee's entry into military service; or
>
> (B) the date of the lessee's military orders described in paragraph (1)(B) or (2)(B)
> of subsection (b), as the case may be.
>
> (2) **Joint leases**
> A lessee's termination of a lease pursuant to this subsection shall terminate any obligation
> a dependent of the lessee may have under the lease.
>
> (b) **Covered leases**
>
> This section applies to the following leases:
>
> (1) **Leases of premises**
>
> A lease of premises occupied, or intended to be occupied, by a servicemember or a
> servicemember's dependents for a residential, professional, business, agricultural, or
> similar purpose if—
>
> (A) the lease is executed by or on behalf of a person who thereafter and during the term
> of the lease enters military service; or
>
> (B) the servicemember, while in military service, executes the lease and thereafter
> receives military orders for a permanent change of station or to deploy with a
> military unit, or as an individual in support of a military operation, for a period of not
> less than 90 days.
>
> (2) **Leases of motor vehicles**
>
> A lease of a motor vehicle used, or intended to be used, by a servicemember or a
> servicemember's dependents for personal or business transportation if—
>
> (A) the lease is executed by or on behalf of a person who thereafter and during the term
> of the lease enters military service under a call or order specifying a period of not
> less than 180 days (or who enters military service under a call or order specifying a
> period of 180 days or less and who, without a break in service, receives orders
> extending the period of military service to a period of not less than 180 days); or

4

(B) the servicemember, while in military service, executes the lease and thereafter receives military orders

    (i) for a change of permanent station

        (I) from a location in the continental United States to a location outside the continental United States; or

        (II) from a location in a State outside the continental United States to any location outside that State; or

    (ii) to deploy with a military unit, or as an individual in support of a military operation, for a period of not less than 180 days…

6.      Section 535 of the Act also imposes specific affirmative obligations upon Nissan Infinity Leasing, including the obligation to refund, within 30 days, lease amounts paid in advance:

    (f) **Rent paid in advance**
Rents or lease amounts paid in advance for a period after the effective date of the termination of the lease shall be refunded to the lessee by the lessor (or the lessor's assignee or the assignee's agent) within 30 days of the effective date of the termination of the lease.

7.      Nissan Infinity did not comply with its obligation pursuant to Section 535(f) of the Act.

8.      Finally, Section 535 of the Act also specifically provides for civil and criminal relief together with the preservation of all other remedies:

    **(h)** Penalties

      (1) **Misdemeanor**

      Any person who knowingly seizes, holds, or detains the personal effects, security deposit, or other property of a servicemember or a servicemember's dependent who lawfully terminates a lease covered by this section, or who knowingly interferes with the removal of such property from premises covered by such lease, for the purpose of subjecting or attempting to subject any of such property to a claim for rent accruing subsequent to the date of termination of such lease, or attempts to do so, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both.

      (2) **Preservation of other remedies**

      The remedy and rights provided under this section are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the

person claiming relief under this section, including any award for consequential or punitive damages.

## FACTS

9.      At all relevant times herein, Plaintiff Matthew S. Wolf has been a member, in good standing, of the United States Army Reserves, holding the rank of Captain in the Judge Advocate General's Corps.

10.      On or about November 25, 2006, Matthew Wolf entered into lease number 29009323577 (the "Lease), leasing a 2007 Nissan Infinity G35 Sedan, VIN No. JNKBV61F27M801448 for a term of 39 months (please see true and correct copy of lease attached hereto as Exhibit "A").

11.      Thereafter, and during the term of the lease, Captain Wolf entered military service under a call or order specifying a period of not less than 180 days.

12.      Captain Wolf later invoked his rights under the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq. (the "Act") and provided all required notices to Defendant thereunder.

13.      Such rights include, but are not limited to, release from liability for future rent payments and a prorated refund of the upfront lease payments.

14.      Under the terms of the Act, the effective date of the termination of Captain Wolf's Lease was the date the vehicle was returned to Nissan Infinity Leasing and/or its agent.

15.      Captain Wolf returned the vehicle to Nissan Infinity Leasing's agent on or about October 30, 2007.

16.      The vehicle lease inception date was on or about November 25, 2006, for a term of 39 months.

17.      At the lease inception, Captain Wolf paid $595.00 in CCR.

18.     Captain Wolf also prepaid other items he was likewise eligible to pay on a monthly basis.

19.     Section 305(f) of the Act requires Nissan Infinity Leasing to repay the prorated CCR within 30 days of the return of the vehicle.

20.     Defendant Nissan Infinity Leasing did not refund the prorated CCR to Captain Wolf as required.

21.     In addition to his individual claims, Plaintiff brings this action pursuant to F.R.C.P. 23 on behalf of a Class (the "Class") consisting of all persons, natural or otherwise, who terminated their leases pursuant to the Servicemembers Civil Relief Act and were not timely refunded the prorated advance lease payments.

22.     Excluded from the Class are the Defendant, their affiliates, successors and assigns, officers and directors, and members of their immediate families.

23.     Upon information and belief, the proposed Class is so numerous that joinder of all members is impracticable. While the precise number of members in the Class is not known to the named Plaintiff at present, it is known that, since September 11, 2001, hundreds of thousands of citizen soldiers, sailors, airmen and marines have been mobilized from the reserve forces of the United States.

24.     There are questions of law and fact that are common to the Class, including, but not limited to, the following:

        A.       What constitutes "rent" under the lease;

        B.       Whether or not the CCR is rent subject to pro-rata reimbursement;

        C.       What components of the up-front lease payment, if any, are subject to pro-rata reimbursement under the SCRA;

D.     Whether or not Defendant breached its obligations to the class;

B.     Whether or not Defendant should be enjoined from further non-compliance with the Act; and

C.     Whether or not Defendant willfully, knowingly and/or recklessly violated the Servicemembers Civil Relief Act;

25.     The class claims of the representative party are typical of the claims of the Class in that he was a lessee and member of the Reserve Components (i.e. National Guard and/or Reserves).

26.     With respect to the class allegations, the representative party was subject to the exact same business practices.

27.     Captain Wolf remains a member of the Reserve Components.

28.     The representative party will fairly and adequately protect the interests of the Class.

29.     The representative party has demonstrated his commitment to the case, has diligently educated himself as to the issues involved, and to the best of his knowledge does not have any interests adverse to the proposed class.

30.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members.

31.     A class action is superior to other available methods for a fair and efficient adjudication of this controversy as many members of the proposed class have damages arising from Defendant's wrongful course of conduct which would not be susceptible to individualized litigation of this kind, including, but not limited to, the resources that are required to examine the business practices in question.

32.     Further, since the main issue is the characterization of certain payments for statutory purposes, adjudication of the controversy as multiple individual claims, as opposed to a class action, can lead to conflicting results.

33.     Given the relative size of damages sustained by the individual members of the Class, the diffuse impact of the damages, and homogeneity of the issues, the interests of members of the Class individually controlling the prosecution of separate actions is minimal.

34.     Upon information and belief, there is no litigation already commenced, nor is there anticipated to be subsequent litigation commenced by other members of the Class concerning the Defendant's alleged conduct.  Consequently, concerns with respect to the maintenance of a class action regarding the extent and nature of any litigation already commenced by members of the Class are non-existent.

35.     Few, if any, unique or significant difficulties are likely to be encountered in the management of this matter as a Class action.  Each class member is readily identifiable through Defendant's records, there are established community communication networks, the Class is well defined, and the event is localized.

## COUNT ONE

### (Conversion)

36.     Plaintiff incorporates by reference all preceding paragraphs of their complaint as if same were fully set forth herein.

37.     50 U.S.C. App. § 535 (b) (2) expressly permits individuals such as Plaintiff to terminate motor vehicle leases early.

38.     50 U.S.C. App. § 535 (f) states that rents paid in advance shall be refunded to lessees by the lessor within 30 days of the effective date of the termination of the lease.

39.     Defendant, in failing to return the pro-rate portion of the CCR to Plaintiff as required, has wrongfully converted Plaintiffs' money.

        **WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, attorney fees and costs associated with this action, together with interest and such other relief as may be proper under the circumstances.

## COUNT TWO

### (Violation of Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq.)

40.     Plaintiff incorporates by reference all preceding paragraphs of their complaint as if same were fully set forth herein.

41.     CCR paid by Plaintiff was to have reduced his monthly lease payments by an equal amount for each of the anticipated 39 monthly payments.

42.     Since Plaintiff invoked his legal rights and terminated the aforesaid lease he did not have beneficial use of the automobile and was not obligated to make the lease payments in question.

43.     The CCR that was to have reduced the payment for the unused months of the lease was not returned to Plaintiff in accordance with the act and constructively remains, upon information and belief, in the possession, custody and/or control of Defendant.

44.     Defendant has thus been unjustly enriched with Plaintiffs own funds and Plaintiff demands disgorgement of such funds.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, attorney fees and costs associated with this action, together with interest and such other relief as may be proper under the circumstances.

## COUNT THREE

### (Consequential and Punitive Damages)

45.    Plaintiff incorporates by reference all preceding paragraphs as if same were fully set forth herein.

46.    Upon information and belief, Defendant Nissan Infinity Leasing knowingly and/or recklessly failed to comply with the Acts obligations regarding prorated reimbursement of Capitalized Cost Reduction.

47.    Section 305 of the Act also makes it unlawful to knowingly seize or hold property of a servicemember and as such provided for consequential and/or punitive damages.

48.     Defendant Nissan Infinity Leasing knowingly seized and/or held Captain Wolf's property.

49.    Plaintiff and the Class have been damaged by Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for consequential damages, punitive damages, attorney fees and costs associated with this action, together with interest and such other relief as may be proper under the circumstances.


## COUNT FOUR

### (Declaratory Judgment)

50.    Plaintiffs incorporate by reference all preceding paragraphs as if same were fully set forth herein.

51.     A legitimate case and controversy exists between the Plaintiff and the Defendant regarding Defendant's characterization of Capitalized Cost Reductions under the Servicemembers Civil Relief Act, 50 U.S.C. App.  § 501 *et seq.*

52.     Without citing any reasonable interpretation, credible evidence, authority,  or other justification for doing so, Defendant unilaterally refuses to treat the capitalized cost reduction payment made by the Plaintiff, and all other similarly situated, as rent paid in advance under the Servicemembers Civil Relief Act, 50 U.S.C. App.  § 501 *et seq.*

53.     Such conduct is willful, and upon information and belief, ongoing.

54.     Plaintiffs and the putative class are and have been, and continue to be, injured by defendant's willful refusal to correctly characterize Capitalized Cost Reductions as rent paid in advance.

**WHEREFORE**, Plaintiff demands judgment declaring Capitalized Cost Reduction payments constitute rents paid in advance for under the Servicemembers Civil Relief Act, 50 U.S.C. App.  § 501 *et seq.* together with attorney fees, costs, and interest associated with obtaining such a judgment, plus any additional damages deemed

<u>**COUNT FIVE**</u>

**(Injunction)**

55.     Plaintiffs incorporate by reference all preceding paragraphs as if same were fully set forth herein.

56.     Defendant has an unlawful corporate policy of mischaracterizing Capital Cost Reductions for purposes of the Servicemembers Civil Relief Act, 50 U.S.C. App.  § 501 *et seq.*

57.     Upon information and belief, such policy is ongoing and unlawful.

58.    Plaintiff has been injured, and continues to be injured, due to the existence, implementation, and/or continued existence of such unlawful policy.

**WHEREFORE**, Plaintiff demands judgment enjoining defendants from continued seizure of the prorated CCR following a termination of a lease under the Servicemembers Civil Relief Act, 50 U.S.C. App.  § 501 *et seq.*

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury as to all issues.


**LAW OFFICES OF THOMAS T. BOOTH, JR., LLC**
Attorney for Plaintiff


By: _____/s/_____.

Thomas T. Booth, Jr., Esquire
129 W. Evesham Road
Voorhees, New Jersey 08043
T: (856) 354-6060
F: (856) 354-6033

-and-

**DeBenedictis & DeBenedictis LLC**

By: _____
Michael J. DeBenedictis, Esq.
20 Brace Road
Suite 350
Cherry Hill, NJ 08034
T: (856) 795-2101
F: (856) 795-0893

June 10, 2010

13