UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATTHEW S. WOLF, on behalf of
himself and all others
similarly situated,

                   Plaintiff,

        v.


NISSAN MOTOR ACCEPTANCE
CORPORATION,

                   Defendant.

Civil No. 10-3338 (NLH/KMW)


OPINION


**APPEARANCES**:

Michael John DeBenedictis, Esquire
DeBenedictis & DeBenedictis L.L.C.
20 Brace Road
Suite 350
Cherry Hill, New Jersey 08034

Thomas T. Booth, Jr., Esquire
Law Offices of Thomas T. Booth, Jr., L.L.C.
129 W. Evesham Road
Voorhees, New Jersey 08043
    *Attorneys for Plaintiff Matthew S. Wolf*

William H. Grae, Esquire
The Chartwell Law Offices, L.L.P.
75 Main Street
Suite 201
Millburn, New Jersey 07041
    *Attorney for Defendant Nissan Motor Acceptance Corporation*

**HILLMAN, District Judge**

        This matter comes before the Court on Plaintiff Matthew

Wolf's motion [Doc. No. 17] for reconsideration.  Plaintiff seeks

reconsideration of the Court's June 22, 2011 Opinion and Order [Doc. Nos. 15, 16] granting Defendant Nissan Motor Acceptance Corporation's (hereinafter, "Nissan") motion to stay this matter and compel arbitration and referring this matter to arbitration. (Pl.'s Br. in Supp. of His Mot. for Recons. [Doc. No. 17-1] (hereinafter, "Pl.'s Recons. Br."), 1.)  Specifically, "Plaintiff ... requests reconsideration of [the Court's] [O]pinion ... to the extent" that Opinion is based upon <u>AT&T Mobility LLC v. Concepcion</u>, 131 S. Ct. 1740 (2011), which was submitted by Nissan as supplemental authority in support of the motion to stay and compel arbitration after the briefing had closed.  (Pl.'s Recons. Br. 1.)  The Court has considered the parties submissions,[1] and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion for reconsideration is denied.


I.    <u>BACKGROUND</u>

A.   **Plaintiff's Claims**

In this action, Plaintiff brings a putative class action against Nissan alleging violations of the Servicemembers Civil

---

1.  The Court specifically considered the supplemental letter briefs [Doc. Nos. 19, 20] submitted by Plaintiff and Nissan on March 20, 2012 and March 23, 2012 respectively, which highlight recent developments in the relevant case law.

Relief Act, 50 U.S.C. App. §§ 501 et seq, as well as a claim for conversion.  (Op. [Doc. No. 15] 1-3, June 22, 2011.)  As previously set forth in the Court's June 22, 2011 Opinion, Plaintiff, a captain in the Judge Advocate General's Corps of the United States Army Reserves, "entered into an agreement to lease a 2007 Nissan Infiniti G35 Sedan for thirty-nine months" on or around November 25, 2006.  (Id. at 2.)  Upon entering the lease agreement, Plaintiff "paid $595 in 'capitalized cost reduction'" which was considered as "an advance toward the lease's rent."  (Id. at 2-3.)  Similarly, Plaintiff also opted to prepay for several other items which he could have elected to pay on a monthly basis.  (Id. at 3.)  Approximately one year later, Plaintiff was called into active military service, and as a result, Plaintiff invoked the Servicemembers Civil Relief Act ("SCRA") and returned the leased vehicle to Nissan on or about October 30, 2007.  (Id.)

As set forth in his complaint, Plaintiff contends that "the SCRA entitles military service members, like himself, to a prorated refund of lease payments made in advance."  (Id.) Plaintiff alleges that although he invoked the SCRA and provided the proper notices, Nissan would not refund any prorated "capitalized cost reduction" payments initially made by Plaintiff.  (Id.)  Relevant here, the lease agreement between the parties "contained an arbitration clause mandating that all

claims are subject to arbitration." (<u>Id.</u> at 2.)  In June of 2010, Plaintiff filed the complaint in this action seeking to bring a putative class action suit against Nissan for conversion and violations of the SCRA. (<u>Id.</u> at 3.)

**B.  Nissan's Motion to Compel Arbitration**

Rather than answer Plaintiff's complaint, on September 17, 2010, Nissan moved to stay the proceedings in this Court and to compel Plaintiff to arbitrate his claims under the Federal Arbitration Act, ("FAA"), 9 U.S.C. §§ 3, 4, as set forth in the arbitration clause of the parties' lease agreement. (<u>See generally</u> Def.'s Br. in Supp. of Mot. to Compel Arbitration and to Stay Proceedings [Doc. No. 5-1] 1-2.)  Plaintiff filed a brief in opposition to Nissan's motion on December 9, 2010, and Defendant filed a reply brief in support of the motion on December 20, 2010.

Approximately four (4) months <u>after</u> the briefing on Nissan's motion to stay and compel arbitration was complete, the Supreme Court of the United States issued an opinion in <u>AT&T Mobility LLC v. Concepcion</u>, 131 S. Ct. 1740 (2011).  In <u>AT&T Mobility</u>, the Supreme Court considered "whether the FAA prohibits States from conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures" and addressed the question of whether Section 2 of the FAA preempted a California state-law rule which classified "most

collective-arbitration waivers in consumer contracts as unconscionable." 131 S. Ct. at 1744, 1746.  In ruling on these issues, the Supreme Court reversed the determination by the Ninth Circuit Court of Appeals, wherein the Ninth Circuit previously concluded that the California state-law rule at issue was not preempted by the FAA.  Id. at 1745, 1753.

The Supreme Court in AT&T Mobility concluded that while the saving clause of Section 2 of the FAA[2] "preserves generally applicable contract defenses" it does not "preserve state-law rules that stand as an obstacle to the accomplishment of the

---

2.  Section 2 of the FAA provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

The final phrase of Section 2, referred to as a saving clause, "permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" AT&T Mobility, 131 S. Ct. at 1746.  "This saving clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." Id. (citation omitted).

FAA's objectives." <u>Id.</u> at 1748.  According to the Supreme Court, "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." <u>Id.</u>  Thus, the Supreme Court held that the California state-law rule at issue stood "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress ... [and was] preempted by the FAA." <u>Id.</u> at 1753 (internal citations and quotation marks omitted).

Based on the April 27, 2011 opinion in <u>AT&T Mobility</u>, Nissan filed a letter brief on May 11, 2011, arguing that <u>AT&T Mobility</u> "wholly forecloses" Plaintiff's argument that the class waiver in the parties' lease agreement is unconscionable and therefore unenforceable under New Jersey Law.  (Def.'s Letter Br. [Doc. No. 14] 1, May 11, 2011.)  Nissan thus argued that "[t]o the extent New Jersey law would find [Nissan's] waiver unenforceable, the FAA preempts New Jersey law[, thus] [t]he parties arbitration agreement should be enforced, and [Nissan's] motion to compel arbitration should be granted." (<u>Id.</u> at 3.)  The docket reflects that Plaintiff failed to respond to Nissan's letter brief, and thus did not object to Nissan's arguments regarding the holding in <u>AT&T Mobility</u> and the FAA preempting New Jersey state law.

**C.   The June 22, 2011 Opinion and Order**

By Opinion and Order dated June 22, 2011, the Court granted Defendant's motion to stay the proceedings before this Court and

to compel arbitration of Plaintiff's claims.  (See generally Op.
[Doc. No. 15], June 22, 2011; Order [Doc. No. 16], June 22,
2011.)  As a threshold issue, the Court determined that, despite
the "general breadth" and "expansive" nature of the arbitration
clause, the arbitrability of the reasonableness and validity of
the arbitration clause itself was an issue to be determined by
the Court, and not the arbitrator.  (Op. [Doc. No. 15] 9-11, June
22, 2011.)  Accordingly, the Court proceeded to consider
Plaintiff's central challenges to the arbitration clause.  (Id.
at 11.)

     In this regard, Plaintiff made two arguments relevant to the
present motion for reconsideration.[3]  First, Plaintiff argued
that the arbitration clause was unconscionable based on the
"purposes and policies underscoring the SCRA[,]" which is
designed to free members of our Armed Forces from civilian
obligations to the extent that those obligations may distract or

---

3.  Plaintiff also argued that the entire arbitration agreement
was unconscionable on the basis of a fee-shifting provision and a
provision regarding costs on appeal.  (Op. [Doc. No. 15] 17, June
22, 2011.)  The Court found that these provisions were
"unconscionable and unenforceable to the extent they may be
construed and applied to require [Plaintiff] to shoulder the
entire financial burden of the arbitration and, ... the appeal of
his claims."  (Id. at 18-19.)  However, the Court found that the
unconscionability of these provisions did "not invalidate the
entire arbitration agreement[,]" and only the unconscionable
provisions would be stricken and severed from the remainder of
the agreement.  (Id. at 19.)  Plaintiff does not seek
reconsideration of this portion of the Court's June 22, 2011
Opinion.  (See, e.g., Pl.'s Recons. Br. 2, 9-10, 13-15.)

interfere with our service members' military service and objectives.  (Id. at 12.)  According to Plaintiff the purposes and policies underlying the SCRA require the invalidation of a class action waiver provision like the one in the parties' lease agreement.  (Id.)  On this issue, however, the Court concluded that "the SCRA, by its own words and provisions, does not bar or otherwise invalidate a class action or arbitration waiver provision."  (Id.)  The Court specifically recognized that the SCRA was "a clearly worded statute[,]" and that it could not "modif[y] or nullif[y] a contractual agreement mutually adopted by private parties" in the absence of "direct authority" within the SCRA "that precludes waivers of class-wide proceedings." (Id.)  The Court also noted that in light of AT&T Mobility, the Court could not infer "the SCRA's tacit supersession or predominance over" the Federal Arbitration Act.  (Id. at 13.)

     Second, Plaintiff also argued that the arbitration clause was unconscionable under New Jersey law relying on the New Jersey Supreme Court's decision in Muhammad v. Cty. Bank of Rehoboth Beach, 912 A.2d 88 (N.J. 2006), and the Third Circuit's decision in Homa v. American Express Co., 558 F.3d 225 (3d Cir. 2009).[4] (Op. [Doc. No. 15] 17, June 22, 2011).  The Court considered this

_____

3.  In opposing Nissan's original motion, Plaintiff argued that "the Third Circuit and the New Jersey Supreme Court have clearly established[] [that] the FAA does not preclude an examination into whether an arbitration agreement is unconscionable under New Jersey law."  (Pl.'s Opp'n 13.)

argument, but, in light of <u>AT&T Mobility</u>, the Court could not "find any public interest articulated in this case, either in connection with the SCRA or New Jersey law, [that] overr[ode] the clear, unambiguous, and binding class action waiver included in the parties' arbitration agreement." (<u>Id.</u> at 17.) The Court went on to recognize that "New Jersey precedent notwithstanding, the Court [was] bound by the controlling authority of the United States Supreme Court." (<u>Id.</u>)

## II.  <u>STANDARD</u>

In this district, motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides in relevant part, that "[a] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). Rule 7.1(i) further provides that the party moving for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). A motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly.'" <u>Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.</u>, No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (citing <u>P. Schoenfeld Asset Mgmt.</u>

LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992)).

The purpose of a motion for reconsideration "'is to correct manifest errors of law or fact or to present newly discovered evidence.'" Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). In seeking reconsideration, the moving party bears a heavy burden and the motion can only be granted if the party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id.

However, reconsideration is not appropriate where the motion only raises a party's disagreement with the Court's initial decision. Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); see also Schiano v. MBNA Corp., No. 05-CV-1771, 2006 WL 3831225, *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, ..., and should be dealt with through the normal appellate process[.]") (citations omitted); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for

[reconsideration]."). Accordingly, "courts in this District routinely deny motions for reconsideration that simply re-argue the original motion." <u>Altana Pharma AG v. Teva Pharm. USA, Inc.</u>, No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009).

III. **<u>ANALYSIS</u>**

In the present motion,[5] Plaintiff argues that reconsideration is proper and should be granted because the Court overlooked "matters relating to the contractual terms" as well as "decisions relat[ing] to this Court's ability to void a class action waiver under federal law and state law[.]" (Pl.'s Recons. Br. 4.) According to Plaintiff, proper consideration of these matter and decisions reasonably would have altered the result reached in the June 22, 2011 Opinion. (<u>Id.</u>)

Plaintiff identifies two specific issues the Court should reconsider in the present motion: (1) "[w]hether <u>AT&T Mobility</u> forecloses the Application of State Law to an Arbitration Agreement When Such Application Neither Manufactures a Result

---

5. Local Rule 7.1(i) requires that a brief offered in support of a motion for reconsideration "set[] forth **concisely** the matter or controlling decisions which the party believes the Judge ... has overlooked[.]" L. Civ. R. 7.1(i) (emphasis added). Here, we are of the view that the brief in support of Plaintiff's motion is anything but concise. Despite Plaintiff's arguable failure to comply with the requirement of Rule 7.1(i), the Court has fully considered all of Plaintiff's arguments, however nuanced they may be, in denying the present motion for reconsideration. For the sake of clarity and brevity, the Court does not set forth each argument in this Opinion.

Inconsistent with the Parties' Express Agreement nor Fundamentally Alters the Dispute Resolution Process Against the Wishes of the Parties[?]" and (2) Plaintiff's contention that "this Court has the authority to void the class action waiver in arbitration even in the absence of express statutory authority under the SCRA[.]"  (Id. at 9, 13.)  Plaintiff also asserts that contrary to the June 22, 2011 Opinion, "the application of New Jersey precedent to void the class action waiver is not preempted by AT&T Mobility under the facts of this case[.]"  (Id. at 2.)

     With respect to the first issue, Plaintiff argues generally that "application of Muhammad does not stand as an obstacle to the intent of Congress as embodied in the FAA[.]"  (Id. at 9.) Plaintiff asserts that unlike the circumstances of AT&T Mobility, the parties here "consented to the application of state law" and have contractually stipulated that if the "class action waiver is otherwise voidable under [New Jersey's] public policy, the parties hav[e] consented to proceed[] in court and not as an individual arbitration[.]"  (Id. at 9-10.)  Plaintiff contends that a proper and complete reading of the parties' agreement demonstrates that Plaintiff is simply "seeking to hold Nissan to its contractual assent to representative litigation proceeding in court."  (Id. at 11.)  Thus, Plaintiff argues that "the parties have an agreement that if the class action waiver is voidable (under Muhammad) then the parties agree to proceed as a class

action in court."  (Id.)

Plaintiff's argument is multi-layered - asserting that (1) the Court may properly find the class action waiver unconscionable under New Jersey law, and thus voidable from the lease agreement, despite the Supreme Court's holding in AT&T Mobility; and (2) to the extent the Court finds the class action waiver is voidable under New Jersey law, the parties may still proceed with class wide claims in court.  However, Plaintiff's argument - that he maintains the right to proceed with class wide claims for relief in the *judicial forum*, as opposed to the *arbitration forum* - has previously been considered and rejected by the Court.

In opposing Nissan's original motion to compel arbitration, Plaintiff specifically argued that the "class action waiver ... only applie[d] to arbitration[.]" (Pl.'s Opp'n 4; see also id. at 11 n.6 ("The class action waiver is not 'symmetrical'; that is, it only applies if the arbitration forum is selected, not the judicial forum.");[6] id. at 12 (arguing that Nissan is "attempting

---

6.  Footnote six continues: "In other words, Nissan did not draft ... [a] contract that contains a blanket class action waiver regardless of the forum, rather under the guise of a forum selection clause, Nissan has attempted to contractually confer upon itself the right to reto-actively 'defeat' a putative class action appropriately filed under the lease in federal court, by selecting the arbitration forum, then denying the putative class access to any and all of the arbitration forum's claim aggregation procedures that are otherwise available to the class."  (Pl.'s Opp'n 11 n.6.)

to switch this putative class from the forum within which [the lease agreement] permits class actions [i.e., the judicial forum] to the forum within which [the lease agreement] does not permit class actions [i.e., the arbitration forum][.]"); id. at 2 (stating that because "the lease agreement specifically provides [that] class actions are to be venued in court, and not in arbitration, plaintiff brought this matter in the present forum.")).

The Court fully considered this argument, which attempts to carve out a specific exemption from the arbitration provision allowing for class actions brought in court as opposed to in arbitration.[7]  This argument, and its slight variation as argued in the present motion, are insufficient to warrant reconsideration of the Court's prior finding that the "class action waiver" was "clear, unambiguous, and binding ... [as] included in the parties' arbitration agreement."  (Op. [Doc. No. 15] 17, June 22, 2011.)  The Court previously noted the "general

---

7.  While Plaintiff initially argued that the class action waiver only applied to class wide proceedings brought in arbitration, but not in court, Plaintiff later contradicted his own argument. At subsequent points in Plaintiff's opposition, Plaintiff contended that "[t]his case is about a contractual provision that **precludes** **all** **class-wide remedies** for any car leased from defendant." (See Pl.'s Opp'n 16) (emphasis added).  Plaintiff specifically noted that in Muhammad the "central issue" was the fact that the "class-action waiver precluded a class action 'whether in arbitration or in court litigation.'" (Id.) (citation omitted).  Plaintiff then argued that this "is precisely what the [class action waiver] at issue in this matter, on its face, mandates." (Id.)

breadth" of the arbitration provision, which provides that "'any claim or dispute, whether in contract, tort, statute or otherwise ... shall, at your or our election be resolved by neutral, binding arbitration and not by court action[,]'" and found that provision was "indeed expansive[.]"[8]  (Id. at 9.)

In this motion for reconsideration, Plaintiff merely presents his disagreement with the Court's determination that the arbitration provision — and by extension its class action waiver — are broad and expansive.  Plaintiff is simply re-arguing that the same narrow interpretation of the class action waiver he presented in opposition to Nissan's original motion should govern this action.  Accordingly, Plaintiff fails to meet the standard to warrant reconsideration of the Court's June 22, 2011 Opinion on this issue.

Moreover, to the extent Plaintiff argues that despite the Supreme Court's holding in AT&T Mobility, the Court may, properly apply New Jersey precedent to void the class action waiver because Muhammad is not preempted by the FAA,[9] this argument has

---

8.  The only limitation the Court found with regard to the expansive breadth of this arbitration provision was that the provision "lacked sufficient specificity and clarity" to "inform a potential consumer that even the validity of the arbitration clause itself must be decided by the arbitrator" as opposed to the Court.  (Op. [Doc. No. 15] 9-10, June 22, 2011.)

9.  Plaintiff contends that Defendant initially "[c]onced[ed] the application of Muhammad" and "took the straightforward legal position that New Jersey would enforce the class action waiver[.]"  (Pl.'s Recons. Br. 1 n.1.)  Plaintiff argues that

been completely foreclosed to Plaintiff by controlling precedent from the Supreme Court and now from the Third Circuit Court of Appeals.  On remand from the Supreme Court after AT&T Mobility, the Third Circuit in Litman v. Cellco P'ship, 655 F.3d 225 (3d Cir. 2011), specifically determined that the FAA preempts the New

---

Nissan "did not raise any preemption-based arguments regarding [the] state precedent at issue here ... under the FAA."  (Id.) Plaintiff is correct in noting that Nissan did not make an FAA preemption argument in the original motion to compel arbitration, but Plaintiff overstates the import of Nissan's apparent failure to assert preemption at the outset.

At the time Nissan filed the motion to compel arbitration on September 17, 2010, controlling precedent from the Third Circuit held that the FAA did not preempt the New Jersey Supreme Court's holding in Muhammad. See Homa v. American Express Co., 558 F.3d 225, 229-30 (3d Cir. 2009).  Subsequently, the Supreme Court decided AT&T Mobility on April 27, 2011, and pursuant to that opinion, vacated a May 2010 opinion and order entered by the Third Circuit which relied on the holding in Homa.  See Cellco P'ship v. Litman, 131 S. Ct. 2872 (2011).

On remand, the Third Circuit considered anew "whether the FAA preempts the New Jersey Supreme Court's ruling in Muhammad." Litman v. Cellco P'ship, 655 F.3d 225, 230 (3d Cir. 2011).  In August of 2011, the Third Circuit issued its opinion in Litman holding that Homa had been abrogated by the Supreme Court's decision in AT&T Mobility and that Muhammad's holding was in fact preempted by the FAA.  Id.

Accordingly, at the time Nissan filed the motion to compel arbitration, Homa precluded from Nissan from arguing that the FAA preempted Muhammad.  Had Defendant asserted a preemption based argument at the outset when Homa precluded the same, Nissan or its counsel could reasonably have been subject to sanctions for violating Federal Rule of Civil Procedure 11(b)(2) by asserting legal contentions which were not warranted by existing law.  See Fed. R. Civ. P. 11(b)(2).

Moreover, within just two weeks of the Supreme Court's ruling in AT&T Mobility, Defendant submitted a letter brief [Doc. No. 14] specifically asserting a preemption argument because, for the first time, the law reasonably supported Nissan's position. Plaintiff chose not to file any response or objection to Nissan's letter brief outlining the holding in AT&T Mobility.

Jersey Supreme Court's ruling in <u>Muhammad</u>.  <u>Litman</u>, 655 F.3d at 230.  The Third Circuit explained that the holding in <u>AT&T Mobility</u> is "both broad and clear: a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the FAA, irrespective of whether class arbitration 'is desirable for unrelated reasons.'"  <u>Litman</u>, 655 F.3d at 231 (citing <u>AT&T Mobility</u>, 131 S. Ct. at 1753).  Thus, Plaintiff in this action can no longer rely on <u>Muhammad</u>, as the Third Circuit has clearly held the FAA preempts[10] this New Jersey precedent.[11]

With respect to Plaintiff's argument the Court has the authority to void the class action waiver in the arbitration

---

10.  The Third Circuit recently reaffirmed the broad holding in <u>Litman</u> and concluded that under <u>AT&T Mobility</u>, a Pennsylvania law similar to the New Jersey law in <u>Muhammad</u> was also preempted by the FAA.  <u>Quilloin v. Tenet HealthSystem Philadelphia, Inc.</u>, --- F.3d. ---, No. 11-1393, 2012 WL 833742, at *9 (3d Cir. Mar. 14, 2012).

11.  Additionally, to the extent Plaintiff contends that the lease agreement stipulates that if the class action waiver is voidable under New Jersey law, the parties may proceed with litigation in court, <u>Litman</u> similarly forecloses that argument.  The plaintiffs in <u>Litman</u> made virtually the same argument, which the Third Circuit explicitly rejected.  655 F.3d at 231 n.8 ("Second, [the plaintiffs] argue that they should be allowed to proceed to litigation because the Agreements' say that 'if for some reason the prohibition on class arbitrations ... is deemed unenforceable, then the agreement to arbitrate will not apply.' ... As [the plaintiffs] see it, that provision was triggered by <u>Muhammad</u>.  However, because <u>Muhammad</u> is preempted by the FAA, it is inapplicable here and cannot trigger that provision.")  Accordingly, Plaintiff's argument in this case also fails.

provision even in the absence of express statutory authority under the SCRA, the Court specifically addressed this issue in ruling on Nissan's original motion.  Plaintiff fails to submit any authority binding on this Court that warrants reconsideration on this issue.  The Court previously noted that if "the SCRA guarantee[d] service members the right to a class-wide proceeding to vindicate their statutory benefits, then that [was] not ... made apparent to the Court."  (Op. [Doc. No. 15] 14, June 22, 2011.)  Plaintiff has not demonstrated that the SCRA guarantees the right of servicemembers to enforce their rights under this statutory scheme by virtue of a class-wide proceeding.

Accordingly, the Court finds that Plaintiff's motion fails to set "forth concisely the matter or controlling decisions which" Plaintiff believes the Court overlooked.  See L. Civ. R. 7.1(i).  It is clear that the present motion for reconsideration simply represents Plaintiff's disagreement with the Court's initial decision and constitutes an attempt to re-argue Plaintiff's prior opposition arguments.  Plaintiff's disagreement alone is insufficient to establish that the Court overlooked relevant facts or controlling law in granting summary judgment for Defendant.  See Schiano, 2006 WL 3831225, *2 ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, ..., and should be dealt with through the normal appellate process[.]")

18

(citations omitted).  Furthermore, denial of Plaintiff's motion for reconsideration is appropriate given that the motion simply re-argues the same contentions asserted by Plaintiff in opposition to Nissan's original motion to compel arbitration. See Altana Pharma AG, 2009 WL 5818836, at *1.  In light of the recognition in this District that a motion for reconsideration is "an extremely limited procedural vehicle" and that such requests should be granted "sparingly", the Court finds that Plaintiff fails to meet the standard for reconsideration, and the motion for reconsideration must be denied.  See Langan, 2008 WL 4330048, at *1.

IV.  **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration [Doc. No. 17] is denied.  An order consistent with this Opinion will be entered.

Dated: March 29, 2012              /s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

19